KLEINFELD, Senior Circuit Judge,
dissenting:
I respectfully dissent. Dawson cannot demonstrate prejudice because his 2001 pleadings were sufficient to establish his removability. Accordingly, the BIA did not err in not permitting Dawson to amend his pleadings and withdraw his former attorney’s concession of removability.
The 2001 removal order was valid under our current case law. Dawson admitted during the 2001 immigration hearings that both of his state convictions involved cocaine, and that he was removable and de-portable as an aggravated felon. Based on this admission, the IJ found that he was “removable and deportable under both Section 237(a)(2)(B)(I) and 237(a)(2)(A)(iii) of the Immigration and Nationality Act.” When the IJ gave Dawson the opportunity to replead, he denied being “removable and deportable,” but not because the charge did not involve cocaine. Instead, Dawson thought he should be granted a waiver because “I just got arrested this year in 2001 on this case from 1993 and I pleaded guilty this year.” After this re-pleading, the IJ explicitly found that Dawson “admitted ... he was convicted on May 11, 2001 ... for possession of cocaine,” before moving on to an evidentiary hearing concerning Dawson’s “citizenship and relief from removal.” Dawson’s admissions in 2001 meant that “no further evidence concerning the issues of fact admitted or law conceded [was] necessary ” to establish his removability.[1] These admissions also made it unnecessary for the IJ to engage in a modified categorical analysis in 2001.[2]
Because of the preceding facts, Dawson cannot establish that he was legally prejudiced by his previous attorney’s admission.[3]

. Perez-Mejia v. Holder, 663 F.3d 403, 414 (9th Cir.2011) (emphasis added).

. Id. at 415.

. Santiago-Rodriguez v. Holder, 657 F.3d 820, 834-35 (9th Cir.2011).